IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

USDC No. 4:23CV27-DMB-RP

TASHA ECKFORD, Individually and as
Mother and Next Friend of T.C., a Minor                    **PLAINTIFFS**

V.                                                          CAUSE NO.: 2022-0217-CVIK

JOSHUA LOVELADY; ALFA MUTUAL
INSURANCE CO.; AND JOHN DOES 1-10                          **DEFENDANTS**

FILED 2 2 2022
June Barksdale
Circuit Clerk

## COMPLAINT

**COME NOW**, the Plaintiffs, Tasha Eckford, Individually and as Mother and Next Friend T.C., a minor, and files this their Complaint against Defendants, Joshua Lovelady, Alfa Mutual Insurance Company, and John Does 1-10. In support thereof, Plaintiffs would show:

### PARTIES

1. Plaintiff, Tasha Eckford ("Eckford"), is an adult resident of Monroe County, Mississippi.

2. Plaintiff, T.C., a minor, is a resident of Monroe County, Mississippi.

3. Defendant, Joshua Lovelady ("Lovelady") is an adult resident of Lowndes County, Mississippi and can be served with process at 824 2nd Avenue North, Columbus, Lowndes County, Mississippi 39701.

4. Defendant, Alfa Mutual Insurance Co. ("Alfa"), is a foreign corporation organized under the laws of Alabama and located in Montgomery, Alabama. Alfa is licensed in Mississippi under license no. 7800012 and can be served with process through the Mississippi Insurance Commissioner, Mike Cheney, in Jackson, Mississippi or its registered agent, Sharon Thibodeaux at 645 Lakeland East Dr., Ste. 101, Flowood, Mississippi, under Mississippi Code Ann. § 83-33-7 (2018).

5. John Does 1 through 10 are the persons or entities, whether singular or plural, that caused or contributed to Plaintiffs' injuries as set forth herein. Plaintiffs aver that the identities of the John Doe Defendants are unknown to Plaintiffs at this time or, if their names are known to Plaintiffs, their identities as proper parties are not known to Plaintiffs at this time, and their true names will be substituted by amendment under the Mississippi Rules of Civil Procedure, when ascertained.

## JURISDICTION AND VENUE

6. This civil action arises from a bad faith breach of contract and Plaintiffs herein are seeking compensatory and other damages in an amount over Two Hundred Dollars ($200.00). Therefore, under Section 9-7-81 of the Mississippi Code of 1972, as amended, original jurisdiction is in the Circuit Court of Lowndes County, Mississippi.

7. Because one of the Defendants named in this civil action resides in Lowndes County, Mississippi and because a substantial act, omission, and/or event occurred in Lowndes County, Mississippi, the proper venue for this bad faith action is in Lowndes County, Mississippi, under Section 11-11-3 of the Mississippi Code of 1972, as amended.

8. Therefore, this Court has subject matter jurisdiction of this civil action and venue is proper in the Circuit Court of Lowndes County, Mississippi.

9. Plaintiffs demand a jury trial of this civil action under Rule 38 of the Mississippi Rules of Civil Procedure as is their right under Article III, Section 31 of the Mississippi Constitution of 1890.

## FACTUAL BACKGROUND

10. The incident causing this civil action is a bad faith breach of contract.

11. Eckford and T.C. were involved in a motor vehicle collision on January 5, 2020, in Tupelo, Mississippi with Shawn Kelly.

12. Prior to the collision, Eckford had contracted with Alfa under policy no. 16000197157 for collision and underinsured motorist coverage.

13. Mr. Kelly made a demand for coverage to Alfa, but on March 24, 2020, Alfa, via Lovelady, determined Mr. Kelly was "the 100% at-fault party in the accident" in which Eckford and T.C. were injured.

14. After obtaining permission from Alfa, via Lovelady, Eckford and T.C. resolved their injury claims with Mr. Kelly on November 16, 2020, for the available policy limits afforded to them through Mr. Kelly's insurance. However, Mr. Kelly was underinsured for the injuries, damages, and losses Eckford and T.C. had suffered.

15. Under policy 16000197157, Eckford had purchased underinsured motorist coverage of $25,000 / $50,000 on five vehicles, giving her $125,000 in available underinsured motorist benefits for bodily injury. As a passenger, minor child, and resident relative of Eckford, T.C. has the same amount of coverage as Eckford, affording T.C. $125,000 in underinsured motorist benefits for bodily injury.

16. Eckford and T.C. have made claims against the Alfa policy within the available policy limits, but on August 9, 2022, Lovelady determined that Eckford's and T.C.'s claims were not worth the available policy limits.

17. Eckford an T.C. continued to work with Lovelady to resolve their underinsured motorists claims, but Lovelady requested Eckford's employment information and opted to take a "wait-and-see" approach with T.C. although having T.C.'s future medical information.

18. By August 23, 2022, Lovelady refused to negotiate further, and Eckford's and T.C.'s claims are in a perpetual state of delay.

19. Although Eckford and T.C. have made claims for underinsured benefits, Lovelady and Alfa have not made adequate payment to Plaintiffs.

20. Lovelady's and Alfa's refusal to adequately pay Plaintiffs was made in bad faith and to deny the benefits of the insurance contract for uninsured motorist coverage.

21. Lovelady's and Alfa's delay in evaluating Plaintiffs claims amounted to a bad faith denial, and a failure to honor the insurance contract that provides coverage to Plaintiffs.

22. Lovelady's and Alfa's refusal to adequately pay Plaintiffs constitutes an unlawful attempt to force Plaintiffs to accept less money than the amount due under the underinsured motorist policy.

23. Lovelady and Alfa owed Plaintiffs the following duties, among others: (a) a duty to honor the underinsured insurance contract for the entire policy duration; (b) a duty to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claims made by Plaintiffs against Alfa; (c) a duty to evaluate Plaintiffs' claims fairly; (d) a duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where liability is reasonable clear; (e) a duty to act promptly and reasonably in settling the claim; (f) a duty not to reject a reasonable and fair offer of settlement; (g) a duty not to put its insureds through unnecessary litigation; (h) a duty not to put its insureds' assets at risk; (i) a duty to refrain from actions that would injure Plaintiffs' ability to obtain the benefits of the insurance contract; and (j) a duty of good faith and fair dealing.

24. Lovelady and Alfa breached its duties owed to Plaintiffs by: (a) failing to honor the underinsured insurance contract; (b) failing to conduct a prompt, reasonable and diligent investigation of the claims made against Alfa; (c) failing to evaluate the claim fairly; (d) failing to tender the benefits for the claims; (e) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim; (f) not making any reasonable settlement offers to offer the claims; (g) failing to accept reasonable and fair offers of settlement; (h) putting its insureds,

Plaintiffs herein, through unnecessary litigation; (i) putting its insureds' personal assets at risk; and (j) failing to pay any reasonable portion of the insurance coverage to Plaintiffs.

25. As a direct and approximate result of Lovelady's and Alfa's breaches of the duties owed, Plaintiffs have been deprived of the benefits to which they are entitled and for which they bargained in the insurance contract, forcing each to incur expenses to obtain the benefits to which they are otherwise entitled.

26. Lovelady's and Alfa's actions herein constitute bad faith insurance practices and warrant the imposition of damages, compensatory and punitive, in an amount to be determined by a jury.

## CAUSES OF ACTION

### COUNT I – TORTIOUS BREACH OF CONTRACT

27. Plaintiffs, by this reference, adopt and re-assert all allegations, averments, and statements of fact in the preceding paragraphs of this Complaint.

28. Plaintiffs are insured under an uninsured motorist policy written by Alfa, namely policy number 16000197157.

29. Eckford may stack the underinsured motorist coverage policy number 16000197157, which provides coverage for five vehicles and amounts to $125,000 in per person limits.

30. T.C. may stack the underinsured motorist coverage under policy number 16000197157 as the minor child and resident relative of Eckford, and therefore, T.C. is also provided $125,000 in per person limits.

31. There is no dispute as liability for the wreck underlying Plaintiffs' claims as Defendants have admitted Mr. Kelly was "the 100% at-fault party in the accident" in which Plaintiffs were injured.

32. Plaintiffs may recover of and from Alfa an amount equal to that which each could recover from Mr. Kelly, up to the policy limits, for damages sustained as a proximate cause of the wreck where Mr. Kelly was determined to be 100% at fault.

33. Plaintiffs made claims for underinsured benefits and submitted support for their claims on November 16, 2021, and after receipt by mail, Lovelady acknowledged Alfa received the information on December 10, 2021.

34. Defendants have had sufficient time to review and investigate Plaintiffs' timely demand for underinsured motorist benefits, but Defendants have failed to tender the full uninsured motorists benefits to Plaintiffs in bad faith and without an arguable reason.

35. Although Plaintiffs are owed benefits under the policy of insurance, Defendants wrongfully, negligently, grossly negligently, intentionally and/or willfully refused to pay the complete benefits due to Plaintiffs under the terms of the coverage purchased by Eckford.

36. Defendants are liable to the Plaintiffs for the following bad faith conduct:

    a. Negligent, grossly negligent, intentional, malicious and/or reckless failure to adequately and properly investigate the Plaintiffs' claims;

    b. Negligent, grossly negligent, intentional, malicious and/or reckless failure to fully pay Plaintiffs benefits due at a time when Defendants knew or should have known the Plaintiffs were entitled to benefits under the subject insurance policy;

    c. Negligent, grossly negligent, intentional, malicious and/or reckless failure to provide the Plaintiffs any reasonable or justifiable basis for failing to honor the Plaintiffs' claims for benefits in relation to the insurance policy, the facts and applicable law;

    d. Negligently, grossly negligently, intentionally, maliciously and/or recklessly acting in contravention of established Mississippi law;

    e. Negligently, grossly negligently, intentionally, maliciously and/or recklessly and/or intentionally failing to fully pay the Plaintiffs' claims;

    f. Negligently, grossly negligently, intentionally, maliciously and/or recklessly converting monies rightfully belonging to the Plaintiffs to their own use;

    g. Negligently, grossly negligently, intentionally, maliciously and/or recklessly refusing to honor the Plaintiffs' claims without a legitimate or arguable reason;

    h. Negligently, grossly negligently, intentionally, maliciously and/or recklessly refusing to honor the Plaintiffs' claims for reasons contrary to the prior course of dealing between the parties and established Mississippi law;

    i. Negligently, grossly negligently, and/or willfully and maliciously compelling the Plaintiffs to engage legal counsel to initiate litigation to recover their contractual benefits;

    j. Negligently, grossly negligently, and/or willfully and maliciously delaying payment of Plaintiffs' claims in a fashion calculated to cause the Plaintiffs substantial emotional distress and mental anguish and denial of their claim;

    k. Acting in conscious, gross, and reckless disregard for the Plaintiffs' rights; and

    l. Other acts to be shown at the trial of this matter.

37. Defendants and their agents conducted themselves in a bad faith and tortious manner, which resulted in a wrongful denial and delay of insurance benefits to Plaintiffs under the policy. The Defendants' conduct is contrary to the express and implied terms of the policy of insurance and established law.

38. Plaintiffs satisfied all obligations under the policy of insurance in a manner consistent with the prior course of dealing with the Defendants and/or their agents.

39. Defendants' tortious and bad faith breach of its contract with Plaintiffs and breach of its duty of good faith and fair dealing have been attended by such gross negligence, reckless disregard for the rights of Plaintiffs, and/or malicious, intentional and/or willful misconduct, as to constitute an independent tort, making the Defendants, and each of them, liable to Plaintiffs for punitive damages, in an amount to be determined by a jury, and in an amount sufficient to punish the Defendants for their misconduct, and to deter these Defendants, and others similarly situated, from engaging in such acts in the future.

### COUNT II – BAD FAITH BREACH OF DUTY OF GOOD FAITH

40. Plaintiffs, by this reference, adopt and re-assert all the allegations, averments, and statements of fact in the preceding paragraphs of this Complaint.

41. Defendants, at all times relevant hereto, owed the Plaintiffs a duty to exercise good faith and an obligation to deal fairly with them. Moreover, Defendants owed the Plaintiffs a fiduciary duty to deal with them and adjust their claim in good faith. Further, Defendants owed the Plaintiffs a duty to not place its interests above that of the Plaintiffs.

42. All denials of Plaintiffs' reasonable offers to settle within the policy limits of said uninsured motorist policy, and any and all continued denials, made by the Defendants were made without a legitimate or arguable reason. Further, said denials were made and continue to be made with only Defendants' best interests in mind, disregarding the circumstances where the Eckford could not work as she did prior to being hurt in the wreck caused by Mr. Kelly and T.C. needs future medical treatment, consisting of an ankle surgery and continued therapy.

43. Said bad faith and breach of duty of good faith was attended by an intentional wrong, insult, abuse, or gross negligence, all with total callous disregard for Plaintiffs' rights, which causes the independent tort of bad faith.

44. As a direct and proximate cause of the breach, the Plaintiffs suffered damages as set forth herein with Plaintiffs' damages continuing.

45. Defendants are liable to the Plaintiffs for punitive damages, in an amount to be determined by a jury, and in an amount sufficient to punish the Defendants for their misconduct, and to deter Defendants, and others similarly situated, from engaging in such acts in the future.

## COUNT III – GROSS NEGLIGENCE, RECKLESS DISREARD FOR THE RIGHTS OF THE PLAINTIFFS AGAINST LOVELADY

46. Plaintiffs, by this reference, adopt and re-assert all the allegations, averments, and statements of fact in the preceding paragraphs of this Complaint.

47. Lovelady, in his role as an adjuster for Alfa, has a duty under Mississippi law to investigate and adjust the Plaintiffs' claims for underinsured motorist benefits fully, fairly, adequately, and correctly.

48. Upon information and belief, Lovelady breached his duty by basing his damage assessment on an incomplete investigation of Plaintiffs' damages.

49. Upon information and belief, Lovelady further breached the duty owed to Plaintiffs by denying full payment on their claims without an arguable or reasonable basis.

50. Lovelady's actions were caried out with gross negligence and/or were taken in reckless disregard for Plaintiffs rights under the underinsured motorist policy Eckford had with Alfa.

51. As a direct and proximate cause of the breach, Plaintiffs suffered damages as set forth herein.

52. Lovelady is liable to the Plaintiffs for punitive damages, in an amount to be determined by a jury, and in an amount sufficient to punish Lovelady for his misconduct, and to deter Lovelady, and others similarly situated, from engaging in such acts in the future.

## DAMAGES

53. Plaintiffs, by this reference, adopt and re-assert all the allegations, averments, and statements of fact in the preceding paragraphs of this Complaint.

54. The Defendants are liable to the Plaintiffs for the failure and refusal to honor the implied and/or contractual obligations owed to the Plaintiffs; the Defendants' failure to pay the Plaintiffs' claims in a fair and equitable manner and under the terms and conditions of the policy of insurance; the Defendants' failure to provide a legitimate reason for refusing to honor the Plaintiffs' contractual benefits; the Defendants' failure to explain the refusal to honor the Plaintiffs' claims; the Defendants' delay in paying and fulfilling its obligations under the insurance contract; and for the other torts and causes of action as may be discovered.

55. As a direct and proximate result of the acts and omissions of the Defendants, as set forth herein above, the Plaintiffs have suffered substantial actual, economic, and compensatory damages including but not limited to benefits withheld; costs and expenses, including attorneys' fees, incurred because of having to proceed with this cause of action to enforce the contract of insurance; fair market value of the Plaintiffs property, in the form insurance proceeds wrongfully converted by the Defendant; severe mental anguish and anxiety; economic hardship resulting from Eckford's inability to work; emotional distress and mental anguish; and other damages to be shown at the trial of this matter, for all of which the Plaintiffs are entitled to be compensated by the Defendants, in an amount to be determined by a jury at the trial of this matter.

## PUNITIVE DAMAGES

56. Plaintiffs, by this reference, adopt and re-assert all allegations, averments, and statements of fact in the preceding paragraphs of this Complaint.

57. The conduct of the Defendants, as set forth more fully in the preceding paragraphs, was malicious; intentional; grossly negligent; and/or was attended by circumstances of intentional

concealment of material facts, malice, willful and wanton conduct, and/or was committed with reckless and callous disregard for the rights of the Plaintiffs, entitling the Plaintiffs to punitive damages, under Miss. Code Ann. § 11-1-65 (1972, as amended) and/or under the common law, in an amount to be determined by a jury, which is sufficient to punish and set an example of Defendants and to deter Defendants and those similarly situated, from engaging in similar conduct in the future.

58. Besides the other damages to be shown, Defendants should be compelled to pay the Plaintiffs' attorneys' fees, equal to 25% of the compensation awarded to the Plaintiffs, under Miss. Code Ann. § 83-21-51, because Defendants, prior to commencement, failed for over thirty days to make payment under the terms of the policy of insurance after demand by the Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs, Eckford, T.L. and T.C., demand judgment against all Defendants, both named and fictitious, jointly and severally, in an amount to be determined by jury with pre-judgment and post-judgment interest of 8% and all costs in pursuing this action. Plaintiffs request general and such other relief as the Court may deem them to be entitled.

Respectfully Submitted,

**TASHA ECKFORD, Individually and as Mother and Next Friend of T.C.**

By: /s/ *Thomas O. Cooley*
THOMAS O. COOLEY MSB 130991

**LANGSTON & LOTT, PLLC**
100 South Main Street
Post Office Box 382
Booneville, MS 38829-0382
Telephone: (662) 728-9733
Facsimile: (662) 728-1992
Email: tcooley@langstonlott.com